**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Mohannad Maleh and Hi-Life Smoke 'N Lounge LLC,<br><br>　　　　　　Defendants. | No. CV-15-02659-PHX-DLR<br><br>**ORDER** |

   Before the Court is Plaintiff Joe Hand Promotion Inc.'s Motion for Attorney Fees and Costs in the amount of $3,630. (Doc. 19.) Default judgment has been entered against Defendants, and they did not respond to the instant motion. The Court grants the motion and awards a modified amount of costs and fees.

   The Communications Act of 1934 mandates an award of attorneys' fees to the prevailing party in an action involving unlawful publication or use of intercepted wire or radio communications. 47 U.S.C. § 605(e)(3)(B)(iii). The Court entered default judgment against Defendants and awarded $3,500 in damages in favor of Plaintiff for Defendants' illegal publication of a televised fight. (Doc. 18.) At the time of publication, Plaintiff had exclusive distribution rights to the fight, and is thus entitled to an award of attorneys' fees and costs as the prevailing "aggrieved party." 47 U.S.C. § 605(e)(3)(B)(iii).

   In accordance with LRCiv. 54.2, Plaintiff submitted an itemized statement of the

1   fees incurred in connection with prosecuting this matter.  (Doc. 19 at 16-19.)  The
2   statement sufficiently sets forth a description of the work performed, who performed the
3   work, the applicable rate, and how much time was spent on each task.  Counsel spent 1.6
4   hours on the case at a billable rate of $500 per hour.  The Court finds the time spent is
5   reasonable given the nature of the case, and the rate is reasonable given counsel's twenty-
6   two years of experience.  (*See id.* at 21 (Laffey Matrix indicating that $500/hr is
7   reasonable for an attorney with 20+ years of experience).)

8   The Court, however, declines to award the remaining fees.  The statement
9   indicates that an unidentified research attorney spent 2 hours on the case at a billable rate
10  of $300 per hour.  But there is no evidence of the research attorney's level of experience,
11  and thus the Court is unable to determine whether the rate is reasonable.  In addition, the
12  Court declines to grant fees incurred by counsel's unidentified administrative assistant,
13  who spent 7.6 hours on the case and billed $100 per hour.  "Such clerical tasks are not
14  compensable because they are subsumed in firm overhead costs."  *J & J Sports Prod.,*
15  *Inc. v. Corona*, No. 1:12-cv-01844-LJO-JLY, 2014 WL 1513426, at *2 (E.D. Cal. April
16  16, 2014) (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)).  Moreover, in
17  several instances, counsel and his administrative assistant performed duplicative tasks, as
18  both completed the "initial file review and file preparation," the "review of the Court's
19  order granting motion for admission," the "public records research and review of
20  Mohammad Maleh," the "review of the clerk's entry of default," and several others.
21  (Doc. 19 at 16-18.)  The amount of fees is reduced by $1,360.

22  Plaintiff also requests an award of $1,470 in costs, which includes the $400 filing
23  fee, a $35 *pro hac vice* charge, $387 for service of process, $22.88 for courier charges,
24  and $625 in "investigative fees."  (Doc. 19 at 18-19.)  The Court finds the costs are
25  reasonable except for the investigative fees.  This cost, like the time spent by the
26  administrative assistant, is part of firm overhead costs.  The amount of costs awarded is
27  reduced by $625.
28  //

**IT IS ORDERED** that Plaintiff's motion, (Doc. 19), is **GRANTED** as modified. Plaintiff is awarded $845 in costs and $800 in attorneys' fees. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 29th day of November, 2016.

_____
Douglas L. Rayes
United States District Judge